# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TONY COLIDA, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-5527 (JAG) |
| v. : | |
| : | **ORDER** |
| PANASONIC CORP. OF NORTH : | |
| AMERICA, et al., : | |
| : | |
| Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion of pro se plaintiff, Tony Colida ("Plaintiff"), titled "Motion to Reinstate the Action and Grant In Forma Pauperis Status." (Docket. Entry No. 53). A careful review of Plaintiff's motion, however, reveals that he is essentially moving to reconsider Magistrate Judge Madeline Cox Arleo's May 31, 2006 Letter Order. Therefore, this Court will construe the instant motion as one for reconsideration, pursuant to Local Civil Rule 7.1(i). Defendant, Panasonic Corporation of North America ("Defendant") opposes the motion. For the reasons set forth below, Plaintiff's motion shall be denied.

By way of background, this patent infringement action was originally filed in the United States District Court for the Southern District of New York. On November 10, 2005, the matter was transferred from the Southern District of New York to this district, pursuant to 28 U.S.C. §1404(a). In sum, Plaintiff's lawsuit is based on allegations of design patent infringement that occurred over the past twelve years. He has brought other design patent infringement actions on at least twenty occasions, most of which have been filed in the past three years against various

1

companies throughout the United States.

On December 20, 2005, Plaintiff filed a motion for appointment of counsel in which he sought in forma pauperis status, pursuant to 28 U.S.C. § 1915. On March 30, 2006, Plaintiff filed a notice of appeal with the United States Court of Appeals for the Federal Circuit, incorrectly stating that this Court had denied his motion. On May 1, 2006, the Federal Circuit dismissed the appeal as premature since Plaintiff had filed his notice of appeal before this Court had ruled on his motion.

On March 27, 2006, Magistrate Judge Arleo heard oral argument on Plaintiff's application to proceed in forma pauperis. At the hearing, Plaintiff represented that in the preceding four years he had obtained approximately $152,000 through licensing agreements in connection with the U.S. design patent that he owns, which is at the epicenter of this suit.[1] Furthermore, in connection with his application, Plaintiff submitted a Declaration stating that his earnings were limited to public benefits from the Canadian government in the amount of $674 per month.

Judge Arleo concluded that Plaintiff did not qualify for in forma paurperis status based on the $674 per month public assistance and the income from the licensing agreements Plaintiff had received as disclosed during the March 27, 2006 hearing.

On March 31, 2006, Plaintiff filed a motion to reconsider before Judge Arleo based on

---

[1] Those licensing agreements were the result of settlements of four lawsuits: an action against Motorola in Chicago (settled in 2002); an action against Samsung in Washington, D.C. (settled in 2002); an action against L.G. Electronics (settled in 2003); and a fourth action in California (settled in 2005). The licensing agreements were all derived from the four patents which Plaintiff listed as assets in the December 20, 2005, in forma paurperis application, but described as "not knowing their value."

2

her March 27, 2006 denial of his in forma pauperis application on the record.[2] In support of his motion, Plaintiff submitted a receipt showing a bank balance of $3.44, stating that this represents the value of his "only bank account." Plaintiff noted that he offered this receipt as proof that he did not have any money to pay the filing fees. On May 31, 2006, Judge Arleo denied Plaintiff's request, pursuant to Local Civil Rule 7.1(i), because Plaintiff failed to satisfy the standard governing motions to reconsider. Specifically, Judge Arleo concluded that Plaintiff failed to present any evidence that was unavailable to him when he filed his initial application for in forma pauperis status. Judge Arleo explained:

> Even if Mr. Colida had submitted the bank receipt with his original motion, the court still would have denied his request. Mr. Colida has stated that he receives public assistance of $674 per month, and that he had received licensing agreements worth $152,000 resulting from the settlement of four previous lawsuits. Evidence of a bank account worth -$3.44 does not change the fact that Mr. Colida's income from public assistance and previous settlements precludes him from qualifying for *in forma pauperis* status.

(Judge Arleo's May 31, 2006, Letter Order at 2).

On June 18, 2007, Plaintiff filed a second application to proceed in forma pauperis and an informal motion to reopen his case. In his supporting Declaration, dated June 14, 2007, Plaintiff

---

[2] Plaintiff filed his motion for reconsideration before Judge Arleo entered the April 10, 2006, Letter Order denying Plaintiff's application for the grant of in forma pauperis status. Incidentally, on May 16, 2006, Plaintiff filed an appeal of the April 10, 2006 Order to the Federal Circuit. On June 27, 2006, the Federal Circuit dismissed the appeal as untimely because Plaintiff filed his appeal 35 days after the entry of April 10, 2006 Order. FED. R. APP. P. 4(a)(1)(A) requires an appeal to be filed within 30 days of the date of entry of the appealed judgment or order. In September 2006, Plaintiff apparently petitioned for a writ of certiorari before the Supreme Court of the United States. On October 2, 2006, the Supreme Court apparently directed the Clerk of that Court not to file Plaintiff's petition because he did not pay the docketing fee or submit the petition in compliance with Supreme Court local rules.

3

stated that his public assistance benefits were $688 per month. On August 18, 2007, Plaintiff filed the instant motion along with the June 14, 2007, Declaration. Although his motion is styled as a motion to reopen his case and grant in forma pauperis status, Plaintiff is essentially seeking reconsideration of the May 31, 2006, Letter Order, wherein Judge Arleo denied Plaintiff's initial request to reconsider the earlier April 10, 2006 denial of in forma pauperis status.

The Third Circuit has cautioned that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. V. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986). Thus, the standard for reconsideration is high and granted only sparingly. NL Indus. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). In this district, Local Civil Rule 7.1(i) governs Plaintiff's motion, which requires such motions to be served and filed "within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Timely motions for reconsideration are granted only if "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (internal citations omitted).

As a preliminary matter, this Court notes that Plaintiff's motion is untimely. Under Rule 7.1(i), Plaintiff was required to serve and file the instant motion within 10 business days after the entry of the May 31, 2006 Order by Judge Arleo (i.e., on or before June 14, 2006). Plaintiff waited a year to file the motion. This is a separate and independent basis to deny Plaintiff's motion.

On the other hand, even if the reconsideration motion had been filed in a timely manner,

4

this Court is satisfied that Plaintiff does not meet the standard for granting such motions in this district. As best as can be gleaned from his supporting Declaration, Plaintiff's sole basis for seeking reconsideration appears to be a change in the amount of his monthly public assistance benefits. Indeed, at the time he filed the instant motion, Plaintiff was receiving $14 more than he had been receiving when he filed his initial application for in forma pauperis status in December 2005. This evidence of an increase in monthly income, while unavailable when Plaintiff made his initial application to proceed in forma pauperis, does not change the fact that his monthly income from public assistance and previous settlements of lawsuits preclude him from qualifying for in forma pauperis status.

Reconsideration is not appropriate where, as here, the motion essentially asserts only a litigant's disagreement with the court's initial ruling. Chevron, Inc. v. Chevron U.S.A., Inc. 680 F. Supp. 159, 162 (D.N.J. 1988). Plaintiff has not demonstrated that Judge Arleo overlooked any relevant facts or controlling law as required by Rule 7.1(i).

Therefore,

IT IS, this 19th day of December, 2008,

ORDERED that Plaintiff's motion (Docket Entry No. 53) is DENIED; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

    S/Joseph A. Greenaway, Jr.
    JOSEPH A. GREENAWAY, JR., U.S.D.J.