UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
TONY COLIDA,                              :
                                          :
           Plaintiff,                     :
                                          :     Civil Action No. 05-5527 (JAG)
           v.                             :
                                          :     **ORDER**
PANASONIC CORP. NORTH AMERICA,            :
                                          :
           Defendant.                     :
_____:

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 65) of plaintiff, Tony Colida ("Plaintiff"),[1] seeking the recusal of this Court from this matter and seeking to reopen the case, pursuant to FED. R. CIV. P. 60(b).[2] For the reasons set forth below, the motion will be denied.

As to the request for recusal, Plaintiff bases his request on his allegation that he "believe[s] that Judge Greenaway, Jr., is prejudice[d] or has interests in the defendant's company (Panasonic Corp. of North America)." The alleged prejudice arises from this Court's denial of Plaintiff's request to proceed in forma pauperis. This Court's denial was based on the determination that Plaintiff had sufficient financial assets to proceed without the grant of in

---

[1] Plaintiff does not cite 28 U.S.C. § 455 as the basis for his motion to recuse. However, construing this motion broadly, as this Court must when addressing claims of pro se litigants, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992), this Court will assume Plaintiff intended to seek relief, pursuant to 28 U.S.C. § 455.

[2] Plaintiff does not cite to Rule 60(b) as the vehicle for his motion to reopen the action; however, this Court, liberally construing the content of Plaintiff's motion, will treat the motion as seeking relief pursuant to Rule 60(b).

forma pauperis status. This decision was based solely on the facts presented, and was not due to any prejudice or predisposition on the part of this Court. Further, this Court has no interest in Panasonic Corporation of North America.

As to the motion to reopen the case, FED. R. CIV. P. 60(b) provides that

[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief pursuant to Rule 60(b) is "extraordinary, and special circumstances must justify granting relief under it." Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1346 (3d Cir. 1987) (quoting Page v. Schweiker, 786 F.2d 150, 158 (3d Cir. 1986) (Garth, J. concurring)); see also Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1983)). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (citing Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 709 (D.N.J. 1989)). "The only proper ground for granting a motion for reconsideration, therefore, is that the matters

or decisions overlooked, if considered by the court, "might reasonably have altered the result reached. . . . " Id. (citing N.Y. Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979); United States v. Int'l Bus. Mach. Corp., 79 F.R.D. 412, 414 (S.D.N.Y. 1978)).

Other than expressing disagreement with this Court's decision denying Plaintiff's request to proceed in forma pauperis, Plaintiff provides no support for his motion to reopen.

Therefore,

IT IS on this 26th day of May, 2009,

ORDERED that Plaintiff's motion for recusal (Docket Entry No. 65) is DENIED; and it is further

ORDERED that Plaintiff's motion to reopen (Docket Entry No. 65) is DENIED; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.