# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

TONY COLIDA,

    Plaintiff,

v.

PANASONIC CORPORATION OF NORTH: AMERICA and MATSUSHITA ELECTRONIDC CORPORATION OF AMERICA,

    Defendant.

Civil Action No. 05-5527 (JAG)

**ORDER**

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion to reopen the time within which to file a notice of appeal, filed by Tony Colida ("Plaintiff"), a pro se litigant. Since Plaintiff has satisfied the provisions of FED. R. APP. P. 4(a)(6), this Court will grant Plaintiff's motion and reopen the time for filing a notice of appeal for fourteen (14) days from the date of this order.

This Court issued an order denying Plaintiff's motion to reopen this case on December 19, 2008 ("December 19 Order"), and mailed a copy of this order to Plaintiff at a previous address on the record.[1] (Docket Entry No. 64.) The December 19 Order was not returned to the court as undeliverable.

On March 5, 2009, Plaintiff filed a motion seeking the recusal of this Court from this

---

[1] The previous address on the record was: 6280 Decarie Boulevard, Suite 811, Quebec Montreal, H3X2K1, Canada.

1

matter and seeking to reopen this case. (Docket Entry No. 65.) This Court issued an order denying this motion on May 27, 2009 ("May 27 Order"). (Docket Entry No. 69.) This order was mailed to Plaintiff's old address, and was subsequently "returned as undeliverable" on June 15, 2009. (Docket Entry No. 70.)

FED. R. APP. P. 4(a)(6) permits the district court to reopen the time to file an appeal "if all of the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rules of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after judgment is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

Plaintiff asserts that he did not receive notice of the December 19 Order until he checked the status of his case on February 26, 2009. At this time, the Clerk informed him that the December 19 Order was inadvertently mailed to an incorrect address, Plaintiff's old place of residence. Although the December 19 Order was mailed to Plaintiff and not returned as undeliverable, this Court notes that the subsequent order sent to Plaintiff, the May 27 Order, was returned as undeliverable. Furthermore, as pro se litigants are generally held to a "less stringent standard[]" than attorneys, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff will not be held responsible for failing to file a notice for change of address. Plaintiff's current address is now noted in the record.

Plaintiff's assertion that he did not receive notice of the December 19 Order, in conjunction with the return of the May 27 Order as undeliverable, persuades this Court that

matter and seeking to reopen this case. (Docket Entry No. 65.) This Court issued an order denying this motion on May 27, 2009 ("May 27 Order"). (Docket Entry No. 69.) This order was mailed to Plaintiff's old address, and was subsequently "returned as undeliverable" on June 15, 2009. (Docket Entry No. 70.)

FED. R. APP. P. 4(a)(6) permits the district court to reopen the time to file an appeal "if all of the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rules of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after judgment is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced."

Plaintiff asserts that he did not receive notice of the December 19 Order until he checked the status of his case on February 26, 2009. At this time, the Clerk informed him that the December 19 Order was inadvertently mailed to an incorrect address, Plaintiff's old place of residence. Although the December 19 Order was mailed to Plaintiff and not returned as undeliverable, this Court notes that the subsequent order sent to Plaintiff, the May 27 Order, was returned as undeliverable. Furthermore, as pro se litigants are generally held to a "less stringent standard[]" than attorneys, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Plaintiff will not be held responsible for failing to file a notice for change of address. Plaintiff's current address is now noted in the record.

Plaintiff's assertion that he did not receive notice of the December 19 Order, in conjunction with the return of the May 27 Order as undeliverable, persuades this Court that

Plaintiff likely did not receive notice of the December 19 Order, as provided in Fed. R. Civ. P. 77(d). This satisfies the first prong of the rule.

Since Plaintiff's discovery of the December 19 Order occurred based on his own initiative, rather than through the actions of the Clerk's Office, this Court concludes that Plaintiff never received notice of the December 19 Order, pursuant to Fed. R. Civ. P. 77(d). As a result, Plaintiff needed to file his motion within 180 days after the judgment was entered or within 7 days after receiving notice of the December 19 Order. Plaintiff filed a notice of appeal and motion for an extension of time to appeal on March 9, 2009, satisfying the 180 day time limit, as required by Fed. R. App. P. 4(a)(6)(B). This satisfies the second prong of the rule.

The third and final condition on which Plaintiff's motion relies is the requirement that reopening the time to file the notice of appeal would not prejudice any party involved in this case. This Court discerns no potential prejudice to either Plaintiff or the Defendant by reopening the time to file a notice of appeal. To the contrary, Plaintiff, who apparently did not receive notice of the December 19 Order denying his motion to reopen this case, would be prejudiced by not reopening the time for filing an appeal. Moreover, it is unlikely that the Defendant would have taken any action in reliance on the expiration of the time for filing an appeal. As a result,2 this Court concludes that it is unlikely that Defendant would be prejudiced by the grant of this motion.

Therefore,

It is on this 14th day of July 2009,

ORDERED that the time for filing an appeal of this Court's order dated December 19, 2008 be reopened for fourteen (14) days from the date of this order, pursuant to Fed. R. App. P.

4(a)(6), and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.